John S. Wade, Austin, for appellant.

Brown, Sparks & Erwin, Austin, for appellees.

**Malcolm R. GREGORY, Appellant,**

v.

**Tony G. LEE et ux., Appellees.**

No. 10830.

Court of Civil Appeals of Texas.

Austin.

March 8, 1961.

ARCHER, Chief Justice.

This is an appeal from the action of the Trial Court in granting an instructed verdict in favor of appellees.

This suit was instituted by appellant for damages to an automobile. The acts of negligence alleged by appellant were:

"(1) That the Defendant, Joan Elizabeth Lee failed to keep a proper lookout.

"(2) That the Defendant, Joan Elizabeth Lee, failed to apply her brakes in time and with sufficient force to stop her vehicle before the collision.

"(3) That the Defendant, Joan Elizabeth Lee, failed to turn her vehicle to the left so as to avoid colliding with the Plaintiff's door."

The defendant in answer alleged negligence on the part of appellant in opening the left door of his automobile so that it extended out into the portion of the street for westbound traffic, and in failing to keep a proper lookout, failing to close the door of his automobile, and sought by way of cross action, damages to their automobile.

The case was tried to a jury, but after the plaintiff had rested his case, the Court granted defendants' motion and withdrew the case from the jury and rendered judgment that the plaintiff take nothing and that the defendants take nothing on their cross action, other than to recover costs.

The case is before this Court on an agreed statement of facts which is as follows:

The plaintiff's testimony was as follows:

"His car was parked headed west on West 21st Street with the right wheels next to the north curb; that in this position, when the left door of his automobile was opened all the way the outer edge of the door was eight and one-half feet from the north curb, or one and one-half feet beyond the area designated for parking, and that the center line of West 21st Street was twenty-three feet from the same curb or fourteen and one-half feet from the outer edge of the open door. He further testified that he walked out from behind his vehicle, looked in the direction from which the defendant was coming, and seeing no vehicle, proceeded up the left side of his car, opened the door, sat down in the automobile and was reaching for the door to close the same when the defendants' vehicle collided with the open door, knocking it around toward the front of the plaintiff's car. He testified that he did not see the defendants' automobile at any time prior to the collision. He further testified that the defendants' automobile stopped immediately upon contact and that the left door of his automobile was jammed against the right side of the defendants' vehicle when it stopped."

Plaintiff's witness, James McGuire, testified as follows:

"Immediately prior to the collision in question he and the plaintiff had walked to the plaintiff's automobile from the Music Building on the University of Texas campus; that plaintiff's automobile was parked against the north curb of West 21st Street and he was unable to open the door and enter the car; that he intended to tell the plaintiff to drive his automobile away from the curb so that he could enter the same; that the accident occurred before he was able to inform the plaintiff that he could not get into the car; and that after the accident the defendant's automobile stopped with the left door of the plaintiff's automobile in contact with the right side thereof."

The defendant Joan Lee, called as an adverse witness, testified that:

"She had parked her automobile on the north side of West 21st Street approximately one-half block east of where the collision occurred; that she had started her automobile from its parked position and had proceeded in a westerly direction on West 21st Street at a rate of speed of approximately 15 miles an hour and had traveled approximately one-half block before the accident occurred; that she observed the plaintiff and James McGuire approaching the plaintiff's vehicle from the north just prior to the accident; that at this time several vehicles were traveling in an easterly direction on West 21st Street south of the centerline, but no other vehicle was traveling in front of her or near her in a westerly direction; that when she was approximately one automobile length from the plaintiff's automobile he was standing between her vehicle and the left side of his automobile, looking in an easterly direction toward her; that she assumed he would open his door, but since the plaintiff was looking in her direction she assumed he saw her approaching vehicle and would not open the door of his automobile

until after the defendants' automobile had passed; that she ascertained that her course of travel would not strike plaintiff or his automobile and she then turned her attention to the oncoming eastbound traffic on West 21st Street and did not observe the left door of the plaintiff's automobile until the front portion of her vehicle collided with it, breaking the glass in her headlight; that she was driving approximately 15 miles per hour and had time to stop before arriving at the point of impact, had she attempted to, but she did not attempt to stop since she assumed that the plaintiff would not open the door of his car; that there was insufficient room between the approaching eastbound vehicles and the open door of the plaintiff's automobile for her automobile to pass without striking one or the other, but they were not on her side of the centerline; and that upon impact she immediately stopped her vehicle and at that time the left door of the plaintiff's automobile was jammed against the right side of her car."

The appeal is based on the error of the Court in withdrawing the case from the jury and entering the judgment.

The appellees have countered with two points to the effect that the evidence is insufficient to sustain a finding of negligence on the part of the defendants, and that the evidence shows as a matter of law that the plaintiff was negligent.

 The evidence is conflicting and the jury should have been given an opportunity to resolve the facts as to negligence of either or both parties, and it was error to withdraw the case and instruct a verdict.

We are mindful of the rule that one must keep a proper lookout and to not only look but see when such vision is not obstructed. Then too one must keep a proper lookout and use due care for his own safety and that of others.

The judgment of the Trial Court is reversed and the cause is remanded.

Reversed and remanded.